**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | | |
|---|---|---|
| ALJENNARD BRISBON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-044 |
| | ) | |
| CHATHAM COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Aljenard Brisbon has filed this 42 U.S.C. § 1983 action alleging that he fell in the shower area at Chatham County Jail. *See* doc. 1 at 5. He has now complied with the requirements to proceed *in forma pauperis*. *See* docs. 13, 14 & 15. The Court must, therefore, screen his Complaint, pursuant to 28 U.S.C. § 1915A. Since his Complaint fails to state a claim upon which relief may be granted, it is **DISMISSED**. *See* 28 U.S.C. § 1915A(b)(1).

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to

1

the plaintiff, *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). The facts of Brisbon's Complaint are straightforward. He alleges that he was leaving the shower area of the Chatham County Jail, and "the floor was wet because of a leak . . . ." Doc. 1 at 5. He slipped, fell, and landed on his back. *Id.* He alleges that, after his fall, he "was refused any professionalism." *Id.* Several corrections officers told him he "wasn't hurt," but placed him in a wheelchair. *Id.* They subsequently "deman[ded]" that he "walk up a flight of stairs," despite his pain. *Id.* Finally, he alleges that the officer "slamed [sic]" him into his bunk. *Id.*

Brisbon's Complaint identifies "Chatham County" as a defendant in its caption. *See* doc. 1 at 1. However, there are no allegations against the County, as an entity, and it is wholly omitted from Brisbon's list of defendants in the body of the Complaint. *See id.* at 4-5. The lack of any substantive allegations implicating the County suggests that it is named, to the extent that Brisbon intended to name it at all, merely as the employer of the individual defendants. However, "[a]n employer cannot be held liable in a Section 1983 suit solely on a theory of *respondeat superior.*" *Landy v. Chatham Cnty. Det. Ctr.*, 2022 WL 891841, at *2 (S.D. Ga. Mar. 25, 2022) (citing *Bevan v. Lee Cnty. SO*, 213 F. App'x 824,

828 (11th Cir. 2007)).   To the extent that Brisbon asserts any claim against the County based solely on allegations of misconduct by its employees, therefore, he fails to state a claim against it.

Brisbon's substantive slip-and-fall allegation also fails to state a claim upon which relief can be granted.   Section 1983 simply cannot be used to bring a negligence-based tort suit in federal court,[1] and even read most charitably, an allegation that some jail employee carelessly failed to address the "leak" in the shower area sounds in negligence rather than the "criminal recklessness" required to support a § 1983 claim.   *Farmer v. Brennan*, 511 U.S. 825, 836-40 (1994); *see also, e.g., Morris-el v. United States*, 2020 WL 6937470, at *4 (S.D. Ga. Nov. 2, 2020) (explaining "slippery floors constitute a daily risk faced by members of the public at large," and "slip and fall accidents do not give rise to federal causes of action" (internal quotations and citations omitted)).   To assert a § 1983 claim, Brisbon must allege not only that he was exposed to "a substantial risk of serious harm" but also that the responsible prison officials acted with "deliberate indifference" to that *known* risk.   *Farmer*, 511 U.S. at

---

[1]  *See generally Daniels v. Williams*, 474 U.S. 327 (1986) (prison official's negligence in failing to protect inmate from harm does not give rise to a cause of action under § 1983).

834. *Farmer* defined deliberate indifference in terms of the subjective recklessness used in the criminal law: "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Negligence, which arises when a person fails to live up to an *objective*, reasonable-man standard of conduct, falls far short of this *subjective* standard. *See Goebert v. Lee Cty.*, 510 F.3d 1312, 1326-27 (11th Cir. 2007) (explaining that subjective component of deliberate indifference requires more than even gross negligence).

None of Brisbon's allegations suggest that the shower area was even *negligently* maintained, for he simply asserts that there was "a leak coming from around shower area [sic]," doc. 1 at 5, not that any prison official, exercising due care, knew or should have known that the condition posed a risk. *See LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment" (internal quotes and cite omitted)).

More to the point, his allegations fall far short of asserting the level of culpability required by the Eighth Amendment—actual, subjective awareness of a substantial risk to inmate health or safety. *Farmer*, 511 U.S. at 840 ("Eighth Amendment liability requires consciousness of a risk"); *id.* at 841 ("deliberate indifference serves under the Eighth Amendment to ensure only that inflictions of punishment carry liability"); *id.* at 842 ("a prison official who was unaware of a substantial risk of harm to an inmate may . . . [not] be held liable under the Eighth Amendment [even] if the risk was obvious and a reasonable prison official would have noticed it").

That leaves a possible inadequate-medical-care claim. Prison officials' deliberate indifference to "an inmate's serious medical needs violates the inmate's right to be free from cruel and unusual punishment." *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)); *see Farmer,* 511 U.S. at 832-33 (although prison conditions may be restrictive and harsh, prison officials must provide, *inter alia*, necessary medical care). A prisoner's mere disagreement with the type of medical treatment he receives, however, is insufficient. *See, e.g., Hamm v. DeKalb Cty.*, 774

F.2d 1567, 1575 (11th Cir. 1985) ("Although [plaintiff/inmate] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."); *see also Estelle,* 429 U.S. at 107 ("the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."). Even if the treatment an inmate receives was negligent, that's not enough to support a § 1983 claim. *See, e.g. Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing *Estelle*, 429 U.S. at 106) ("Mere incidents of [medical] negligence or malpractice do not rise to the level of constitutional violations.").

Brisbon's allegations are insufficient to state a claim that any defendant was deliberately indifferent to his serious medical needs. First, the general pain suffered after a minor fall is not a "serious medical need" sufficient to support a § 1983 deliberate indifference claim. *See Young v. Holmes,* 2009 WL 2914188, at *3 (S.D. Ga. Sept. 3, 2009); *see also Burley v. Upton*, 257 F. App'x 207, 210 (11th Cir. 2007) ("[L]ower back pain is not the type of serious medical condition this circuit

requires."); *Martin v. City of New York*, 2012 WL 1392648, at *9 (S.D.N.Y. Apr. 20, 2012) ("bodily injuries sustained from a slip-and-fall on a wet floor simply do not rise to the level of a constitutional violation"). Moreover, Brisbon alleges that he was taken "to the outside hospital . . . the next day."[2]  Doc. 1 at 3.  His disagreement that more aggressive treatment was warranted is not sufficient.  Finally, the omission of any allegation that a serious injury was diagnosed, or that Brisbon suffered from any lingering effects of the fall, suggests that any injury he might have suffered in the fall did not rise to the level of a "serious medical need."  *Waldrop*, 871 F.2d at 1033.

The allegations that the officer's response lacked "professionalism," to the extent that it implies that the officers were insensitive to Brisbon's discomfort, fails to state any constitutional violation.  *See In re Eric Watkins Litig.*, 829 F. App'x 428, 431 (11th Cir. 2020) (quoting *Edwards*

---

[2]  The exact chronology is not entirely clear.  Brisbon alleges that his slip-and-fall occurred "about 22:30 p.m."  Doc. 1 at 5.  Thus, "the next day" might indicate only a few hours delay.  Even if the delay were approximately twenty-four hours, the type of minor injuries ordinarily sustained in a slip-and-fall are not "so serious that a delay of a day or so would have been constitutionally intolerable . . . ."  *McElligott v. Foley*, 182 F.3d 1248, 1258 n. 6 (11th Cir. 1999); *see also Kelly v. Ambroski*, 97 F. Supp. 3d 1320, 1339-40 (N.D. Ala. 2015) (" '[D]elay or even denial of medical treatment for superficial non-serious physical conditions does not constitute an Eighth Amendment violation'" (quoting *Hill v. Dekalb Reg'l Youth Detention Ctr.*, 40 F.3d 1176, 1186-87 (11th Cir. 1994), *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730 (2002))).

*v. Gilbert*, 867 F.2d 1271, 1274 n. 1 (11th Cir. 1989)) (" 'verbal taunts . . . however distressing' do not violate a prisoner's constitutional rights under the Eighth Amendment."); *see also Green v. St. Lawrence*, 2013 WL 4875091, at *1 (S.D. Ga. Sept. 11, 2013) ("General allegations of rudeness or incivility do not even constitute an actionable tort under state law, much less a violation of a constitutional right."). The allegations, at best, allege precisely what they say; defendants were "unprofessional." Such conduct, however, does not violate the Constitution.

The allegation that defendants "slam[m]ed" Brisbon into his bunk is also insufficient, even charitably construed, to allege any constitutional violation. Doc. 1 at 5. It is well-settled that "the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (internal quotation marks, alteration, and citation omitted); *see also Sears v. Roberts*, 922 F.3d 1199, 1205 (11th Cir. 2019). "In considering an Eighth Amendment excessive force claim, [the court] must consider both a subjective and an objective component: (1) whether the officials acted with a sufficiently culpable state of mind, and (2) if the alleged wrongdoing was objectively harmful enough to establish a constitutional

violation." *Johnson v. Moody*, 206 F. App'x 880, 883 (11th Cir. 2006) (internal quotation marks, alterations, and citation omitted).  However, "[t]he Eighth Amendment's prohibition on 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force . . . .  An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010) (internal quotation marks and citations omitted).  If the officers were rough in depositing Brisbon in his bed after the fall, even assuming that allegation alleges a use of force, the force alleged is no more than *de minimis*.

In summary, Brisbon has failed to state any claim arising from his fall at the Chatham County Jail.   His Complaint is, therefore, **DISMISSED**.  *See* 28 U.S.C. § 1915A(b)(1).  Though a *pro se* prisoner normally should be given an opportunity to amend his complaint at least once, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014), "a district court need not allow amendment if the amended complaint would

still be subject to dismissal," *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Brisbon's claims do not appear amendable.

Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects $22.45 in average monthly deposits over the six-month period prior to the date of her Prison Account Statement. Doc. 4. He therefore owes a $4.49 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Furthermore, Plaintiff's custodian (or designee) shall therefore set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be

collected by the custodian at his next institution in accordance with the

terms of the payment directive portion of this Order.

      **SO ORDERED,** this 19th day of April, 2022.

                             CHRISTOPHER L. RAY
                             UNITED STATES MAGISTRATE JUDGE
                             SOUTHERN DISTRICT OF GEORGIA